For digest, see Ins. Co. v. Lassiter, ante, 156.
Plaintiff and defendant's intestate entered into a contract dated 6 July, 1933, by which the plaintiff agreed to sell defendant's intestate a tract or lot of land located on North Main Street in the city of High Point, North Carolina, of the dimensions of 31 feet by 100 feet, as *Page 295 
described in the contract for the price of $26,000. The contract provided that "should the title be unmarketable and be rejected therefor by the purchaser," the sum of $3,000 paid as earnest money by the defendant's intestate would be returned. At the time stipulated in the contract for the completion of the sale, the defendant's intestate notified the plaintiff that the plaintiff's title to the property involved was not marketable, and refused to accept plaintiff's deed therefor.
The defendant's intestate demanded the return of the $3,000 paid as earnest money on said date. This action was commenced by plaintiff against defendant's intestate on 17 April, 1934, for specific performance of the contract. Defendant's intestate answering denied the marketability of the title tendered, and set up counterclaim for the $3,000 earnest money paid, and interest from the date of its return was demanded. During the pendency of the action, the defendant's intestate died and his personal representative, the defendant, was substituted in his stead.
Upon the case coming on to be heard upon agreed statement of facts, the court below rendered the following judgment: "This cause coming on to be heard at the 15 April Term of Guilford Superior Court, before Hon. P. A. McElroy, judge presiding, and being heard upon agreed statement of case filed herein by the plaintiff and defendant, and arguments of counsel for the plaintiff and defendant, a jury trial having been waived, and it appearing to the court, and the court finding as a matter of law upon the facts agreed that the title to the real property described in the complaint, which title was tendered by the plaintiff to the defendant in execution of the terms of the contract of sale, is unmarketable, and the plaintiff is unable, and was unable on 11 July, 1933, to convey to the defendant's intestate, or to said intestate's representative, such title as was contemplated in said contract of sale: Wherefore, upon said facts agreed, it is ordered, adjudged, and decreed that the plaintiff's action be and same is hereby dismissed, and that the plaintiff take nothing by its action. It is further ordered, adjudged, and decreed that the defendant J. Walter Lambeth, administrator of John W. Lambeth, deceased, have and recover of the said plaintiff New York Life Insurance Company the sum of $3,000, with interest thereon from 12 July, 1933, until paid. It is further ordered, adjudged, and decreed that the plaintiff New York Life Insurance Company be taxed with the costs of this action, to be assessed by the clerk. P. A. McElroy, Judge presiding."
To the judgment as signed the plaintiff excepted, assigned error, and appealed to the Supreme Court.
This case is governed by the decision this day filed in the action ofNew York Life Insurance Co. v. C. T. Lassiter and wife, Eunice M. Lassiter,ante, 156.
From the view we take of the matter it is unnecessary to consider the other contentions set forth in the agreed statement of facts as to the marketability of the title. We do not think the plaintiff can deliver to the defendant a marketable title — a good and indefeasible title in fee simple. The reasons therefor are fully set forth in the case above cited.
The judgment of the court below is
Affirmed.
DEVIN, J., took no part in the consideration or decision of this case.